UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BROOKFIELD SQUARE JOINT VENTURE,

        Plaintiff,

  v.

GOOD SOURCE FOODS, LLC,
*f/k/a Buddy Squirrel, LLC*,

        Defendant.

Case No. 21-cv-1264-pp

---

**ORDER APPROVING STIPULATION AND REMANDING CASE TO STATE COURT (DKT. NO. 23), DENYING AS MOOT DEFENDANT'S MOTION TO REMAND TO STATE COURT (DKT. NO. 7) AND DENYING AS MOOT PLAINTIFF'S MOTION TO TRANSFER VENUE TO U.S. BANKRUPTCY COURT FOR SOUTHERN DISTRICT OF TEXAS (DKT. NO. 13)**

---

Plaintiff Brookfield Square Joint Venture and defendant Good Source Foods, LLC, f/k/a Buddy Squirrel, LLC entered into a Shopping Center Lease on May 14, 2015. Dkt. No. 23 at 1. On October 8, 2020, the plaintiff filed a small claims summons and complaint against the defendant in Waukesha County Circuit Court, after the defendant failed to pay the minimum rent due. Dkt. No. 1-4 at 1; Waukesha County Circuit Court Case No. 2020SC002989. Approximately three weeks later, the defendant asserted a counterclaim. Dkt. No. 3-3 at 27.

On November 3, 2020, CBL & Associates Management, Inc., along with other affiliated CBL entities (including Brookfield Square Joint Venture), filed a Chapter 11 bankruptcy in the Southern District of Texas. Dkt. No. 23 at 2; Dkt. No. 3-1 at 2; *In re* CBL & Associates Properties, Inc., Case No. 20-35226. In the bankruptcy proceeding, the defendant filed an unliquidated proof of

1

claim dated March 26, 2021 and on July 28, 2021, voluntarily withdrew its counterclaim in the state court case without prejudice. Dkt. No. 23 at 2. On August 9, 2021, the debtors filed the Third Amended Joint Chapter 11 Plan of CBL & Associates Properties, Inc. Id. Section 10.6 of the Plan contains an injunction against "all Persons who have held, hold, or may hold" pre-petition claims against the debtors, including the plaintiff in this case. Id. The debtors received a discharge of pre-petition claims under §1141. Id.

Meanwhile, on November 1, 2021, the plaintiff filed a notice of removal in the Waukesha County Circuit Court case, arguing that the federal court has jurisdiction over the case under 28 U.S.C. §§1452 and 1334 and Federal Rule of Bankruptcy Procedure 9027. Dkt. No. 1. Shortly after filing an answer and counterclaim, dkt. no. 6, the defendant filed a motion to abstain and remand to state court on the ground that the bankruptcy cases are only tangentially related to the lease dispute and that the only claims at issue are state law claims, dkt. no. 7. The plaintiff responded with a motion to transfer venue to the bankruptcy court under 28 U.S.C. §1412 and/or §1404. Dkt. No. 13.

On November 24, 2021, the plaintiff filed an answer to the defendant's counterclaim and asserted that the plan injunction bars the counterclaim. Dkt. No. 15. The plaintiff filed a limited objection to the motion for abstention and to remand to the state court. Dkt. No. 16. The parties since have reached an agreement resolving the pending motions; they ask the court to approve it. Dkt. No. 23 at 5.

The court **APPROVES** the stipulation and agreed order. Dkt. No. 23.

The court **ORDERS** that this case is remanded to Waukesha County Circuit Court.

The parties have agreed that the defendant is bound by the debtor's discharge under §1141 of the Bankruptcy Code and the plan injunction. The defendant has agreed that it will not reassert its counterclaim and will not seek to recover any monetary claim or relief from the plaintiff based on the counterclaim, bankruptcy claim or any claims arising from the counterclaim, *provided that* all claims or defenses arising from the facts identified in the counterclaim or the bankruptcy claim may be used or asserted by the defendant either defensively or as a recoupment, avoidance or offset against the claims and amounts asserted by the plaintiff. The parties have further agreed that nothing shall constitute a waiver by the plaintiff of any rights under the plan injunction or the discharge afforded by §1141 of the Bankruptcy Code. Unless expressly stated, nothing shall be considered a waiver of claims, rights or defenses by the defendant and nothing in the parties' stipulation is an admission of liability by any party.

The court **DENIES AS MOOT** the defendant's motion to remand to state court. Dkt. No. 7.

The court **DENIES AS MOOT** the plaintiff's motion to transfer case to the U.S. Bankruptcy Court for the Southern District of Texas. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 25th day of April, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
